# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**HUBERT BABB,**

    **Plaintiff,**

vs.                                                           **Case No. 4:19cv03-RH/CAS**

**DR. E. PEREZ,**
**and DR. E. TOLEDO,**

    **Defendants.**

_____/

## REPORT AND RECOMMENDATION

The pro se Plaintiff filed a second amended civil rights complaint, ECF No. 11, which was reviewed and deemed sufficient for service of process as required by 28 U.S.C. § 1915A. Plaintiff was directed to provide the Court with service copies of his second amended complaint ["complaint"] as required by Rule 4(c)(1), ECF No. 12, and he complied. An Order was entered in October 2018, directing the United States Marshals Service to serve the complaint on Plaintiff's behalf. ECF No. 13. Because Plaintiff indicated the Defendants were employees of Centurion Medical and were not employees of the Florida Department of Corrections,

*see* ECF No. 11, the Marshals Service was directed to first seek to have Defendants waive service were rather than the usual practice of serving a defendant at a Correctional Institution using this Court's special appointee process. ECF No. 13. However, efforts to locate the Defendants and obtain waivers have been unsuccessful. ECF No. 14-15.

In the course of reviewing this case to determine how to locate the named Defendants and direct service of process, it has been noted that Plaintiff has been confined at Union Correctional Institution since initiation of this case. *See* ECF Nos. 1-2, 11. It also appears that Plaintiff's interaction with the Defendants took place at Union Correctional Institution. *Id.* at 15. That institution is located in Union County, Florida. *Id.* Union County is not within the territorial jurisdiction of this Court; it is within the Middle District of Florida.

The venue statute provides that a civil action may be brought in "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located" or in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ." 28 U.S.C. § 1391(b)(1),(2). This case was filed in the wrong district. Venue appears to be appropriate in the Middle District of

Florida because the Defendants reside there and Plaintiff's claim arose in the Union County Jail.  The proper forum for this action pursuant to 28 U.S.C. § 1391(b) and 28 U.S.C. § 89(b) is in the United States District Court for the Middle District of Florida, Jacksonville Division.

When a case is filed in the wrong division or district, the venue statute provides that the district court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."  28 U.S.C. § 1406(a).  A court may raise the issue of defective venue sua sponte, but should not dismiss an improperly filed case for lack of venue without giving the parties an opportunity to respond. Kapordelis v. Danzig, 387 F. App'x 905, 906 (11th Cir. 2010); Lipofsky v. New York State Workers Comp. Bd., 861 F.2d 1257, 1259 (11th Cir. 1988). Justice is better served by transferring this case to the appropriate forum rather than dismissing it.   Doing so may also prove beneficial in that the missing Defendants may be more easily located and served with process.

**RECOMMENDATION**

In light of the foregoing, and pursuant to 28 U.S.C. §§ 1406(a), it is respectfully **RECOMMENDED** that this case be transferred to the United

States District Court for the Middle District of Florida, Jacksonville Division, for all further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on January 8, 2020.

     s/     Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations.  Fed. R. Civ. P. 72(b)(2).  A copy of the objections shall be served upon all other parties.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b)(2).  **Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.**  If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.

Case No. 4:19cv03-RH/CAS